# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) CIV-20- 930-R ) |
| 2) $621,570.00 IN UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges upon information and belief for this *in rem* forfeiture action, brought against United States currency in the amount of $621,570.00 ("Defendant Currency"), that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT *IN REM*

2. Defendant Currency consists of $621,570.00 in United States currency seized by the Oklahoma Highway Patrol (OHP) during a traffic stop near mile marker 59, in Clinton,

Oklahoma, on November 8, 2019. The traffic stop occurred in the Western District of Oklahoma.

3. On November 22, 2019, Defendant Currency was adopted by the Drug Enforcement Administration (DEA), and is currently in the custody of the United States Marshals Service, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

4. On January 16, 2020, Victor Ngo, d/b/a Cannabless filed a claim of ownership to Defendant Currency with DEA to contest the administrative forfeiture of Defendant Currency *in rem*.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United States alleges that Defendant Currency is forfeitable to the United States according to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

11. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## FACTS

12. On November 8, 2019 Trooper Michael Eckhardt with the OHP was conducting commercial motor vehicle (CMV) stops and inspections off of Interstate 40 in Custer County, Oklahoma. While on patrol, Trooper Eckhardt observed a white box van with a California registration traveling in the west bound lanes. Trooper Eckhardt noticed that the van was a dually vehicle and lacked any markings on it. To conduct a CMV inspection of the van, Trooper Eckhardt stopped it near the 59 mile marker area.

13. The van had a Nader sticker indicating the vehicle's Gross Vehicle Weight Rating as 11,500 pounds.

14. Trooper Eckhardt approached the vehicle and located the driver, Stephanie Reupena and the front passenger, Job Tuimavave. Ms. Reupena did not have any form of identification, including driver's license, when asked by Trooper Eckhardt.

15. Ms. Reupena stated that she was headed to California and that she was in the process of moving to Oklahoma City.

16. Trooper Eckhardt could smell the strong odor of raw marijuana emitting from the vehicle.

17. Trooper Eckhardt asked Ms. Reupena to join him in his patrol vehicle to continue the CMV inspection. While inside Trooper Eckhardt's patrol vehicle, he noticed that Ms. Reupena appeared nervous. Her voice was quivering, she was taking deep breaths, she seemed uncomfortable, and she would not look at Trooper Eckhardt.

18. Ms. Reupena lacked several documents required to operate a CMV. During the

inspection, Trooper Eckhardt noted the following violations: No Record of Duty Status When Required (logs); Carrier name and/or United States Department of Transportation number not displayed as required; Operating without required operating authority; No medical certificate in driver's possession; Operating a CMV without proof of periodic inspection; Failure to carry a bill of lading; Failure to have a valid driver's license; Driver on duty and in possession of illegal drugs.

19. Ms. Reupena only had a vehicle registration with her at the time of the traffic stop.

20. Trooper Eckhardt noted the violations and knew at this point Ms. Reupena would be prohibited from continuing to operate a CMV, according to 49 C.F.R. § 395.1 *et seq.*, for at least 10 hours.

21. Ms. Reupena told Trooper Eckhardt that she had delivered four safes to the Oklahoma City metro area from California. She stated that she was transporting one of the four safes back to California. She told Trooper Eckhardt that she was transporting the safes back and forth. The safes were not purchased in Oklahoma City. Ms. Reupena said that she did not know why the safe she was transporting was not left in Oklahoma City. Ms. Reupena claimed the safe was going to Santa Ana, California.

22. Ms. Reupena claimed to work for Modesto Transports. However, Ms. Reupena said that she would be transporting personal items back from California to move to Oklahoma City. Ms. Reupena said that she thinks the owners of the safes will be opening "five for ten," similar to a dollar store, stores to sell "pro clothes."

23. Trooper Eckhardt explained to Ms. Reupena that he could smell marijuana in the vehicle. In response, Ms. Reupena said she had a THC vape cartridge in her bag and had smoked marijuana before leaving Oklahoma City.

24. Ms. Reupena told Trooper Eckhardt that neither she nor Mr. Tuimavave, the passenger, had an Oklahoma Medical Marijuana card.

25. Trooper Eckhardt searched the front cab of the vehicle based on smelling marijuana, Ms. Reupena's statements, and the CMV document violations. Inside a bag in the cab of the vehicle, Trooper Eckhardt found a marijuana roach, a small amount of marijuana, and a large black, vacuum-sealed package. Based on the feel of the package, Trooper Eckhardt believed it might contain currency. Based on his training and experience, the manner in which the funds were packaged made Trooper Eckhardt believe they might be proceeds of illegal drug distribution.

26. When Trooper Eckhardt asked Ms. Reupena about the possible currency he had found, she stated that she had about $15,000.00 to $20,000.00 and it was to purchase a vehicle. When Trooper Eckhardt opened the package and conducted a hand count, he determined that Ms. Reupena had approximately $46,000.00 with her in the front cab of the vehicle.

27. When Trooper Eckhardt spoke to Mr. Tuimavave, he told Trooper Eckhardt that he was a marijuana consultant and master marijuana grower. He stated that he had only been in Oklahoma for a few months and did not know his address.

28. When Trooper Eckhardt transitioned his search to the rear cargo area of the vehicle, he could smell marijuana.

29. When Trooper Eckhardt opened the cargo area, he discovered a single, large box, approximately six feet tall that had been clearly opened and resealed.

30. The vehicle was moved to the OHP Troop Headquarters in Clinton, Oklahoma, to continue the investigation.

31. At Trooper Eckhardt's request, Weatherford Police Officers Laura Cox and Kendrick Johnson arrived with their K-9 Unit, Falco. Falco alerted to the safe in the cargo area of the vehicle.

32. When investigators tried to open the safe they discovered that the default factory code had been changed.

33. When investigators gained entry to the safe they found eight black, vacuum-sealed packages similar to the package found in Ms. Reupena's bag. Inside the packages investigators found United States currency, most of which was bundled with unmarked bank straps. The total amount of currency discovered was $621,570.00.

34. As a result of the foregoing, Defendant Currency is liable to condemnation and to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in Defendant Currency; that Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney

/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8700
E-mail: wilson.mcgarry@usdoj.gov

## VERIFICATION

I, John Parker Ellis, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true of my own knowledge, except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 11, 2020.

_____
John Park Ellis, Task Force Office
Drug Enforcement Administration

Subscribed and sworn to before me this 11th day of September, 2020.

_____
NOTARY PUBLIC

Attachment 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$621,570 in United States Currency

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson D. McGarry, Assistant U.S. Attorney
U.S. Attorney's Office, 210 Park Ave., Ste 400, Oklahoma City, OK 73102; Phone: 405.553.8700

Attorneys *(If Known)*
Clay T. Curtis
809 NW 36th Street
Oklahoma City, OK 73118 - 405-605-6718 Office

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. §§ 841 and 846

Brief description of cause:
Defendant Property constitutes or is derived from drug proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/14/2020
SIGNATURE OF ATTORNEY OF RECORD: s/Wilson D. McGarry

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____